UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ECOLAB, INC., | ) | Civil No. 18-5026 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER** |
| | ) | |
| ALEJANDRO A. MORENO and | ) | |
| GREENAPSIS, LLC, | ) | |
| | ) | |
| Defendants. | | |

Comes now the Defendants, Alejandro Alberto Moreno and Greenapsis, LLC, by and through their attorney of record, Kassie McKie Shiffermiller, and for their Answer to Plaintiff's Complaint, state and allege as follows:

1. Defendants deny each and every allegation, matter and claim of Plaintiff, except for those matters which are herein specifically admitted or qualified.

2. With respect to Paragraphs 1, 5, 21, 26, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 49, 50, 51, 52, 53, 55, 56, 57, 58, and 59, Defendants deny the same.

3. Defendants admit the allegations contained in Paragraphs 3, 4, 14, 19, 22, 29, 31, 32, and 54 of Plaintiff's Complaint.

4. Defendant is without sufficient knowledge, information or belief to admit the allegations contained in Paragraphs 2, 7, 8, 9, 10, 11, 23, 24, 25, 27, 28, 46, 47, and 48 of Plaintiff's Complaint and, therefore, denies the same and remits Plaintiff to its strict proof thereof.

5. With respect to Paragraph 6, Defendants admit that they are citizens of South Dakota and reside in this judicial district, and that a substantial part of the alleged events giving rise to this lawsuit occurred in this judicial district. However, Defendants challenge the existence of subject matter jurisdiction, which would invalidate this Court as the proper venue.

6. With respect to Paragraphs 12 and 13, Defendant Moreno denies that he was immediately employed at a management level when he was hired. As to the remaining allegations in those paragraphs, Defendant Moreno admits the same.

7. As to Paragraphs 15, 16, 17 and 18 of Plaintiff's Amended Complaint, the Employee Agreement speaks for itself and, therefore, does not require a response. To the extent Paragraphs 15, 16, 17 and 18 require a response and/or the statements within Paragraphs 15, 16, 17 and 18 are inconsistent with the Employee Agreement, Defendants deny the same.

8. As to Paragraph 20 of Plaintiff's Amended Complaint, Defendants admit that Moreno continued to work for Ecolab after forming Greenapsis as a legal entity, but denies that he had access to trade secret, confidential customer information. Defendants admit that Moreno had close and regular contact with Ecolab's customers during his employment, but is without sufficient information and belief to admit or deny whether he was paid to foster those relationships.

9.      With respect to Paragraph 30, as to when Ecolab learned about Greenapsis, Defendants cannot admit or deny.  As to the second letter, the letter speaks for itself and therefore does not require a response.

## **AFFIRMATIVE DEFENSES**

10.     Plaintiff's Complaint fails to state a claim for relief against these Defendants and should therefore be dismissed.

11.     Defendants move to dismiss this Complaint for lack of subject matter jurisdiction.

12.     Defendants move to dismiss this Complaint for improper venue.

13.     Defendants move to dismiss the Complaint on the grounds that Plaintiff has failed to allege facts or legal grounds sufficient under applicable law to support a recovery for the claimed damages.

14.     Defendants assert all affirmative defenses required to be pled pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

15.     Defendants assert all affirmative defenses which currently exist but are unknown at the present time, including all defenses that must be pled pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

16.     Defendants reserve the right to add potential affirmative defenses, the right to add additional parties, and to amend the pleadings as discovery is ongoing, subject to any scheduling order by the Court setting deadlines for the same.

WHEREFORE, Defendants pray for judgment as follows:

1. For a dismissal of the Plaintiff's Complaint and that the Plaintiff take nothing by its Complaint;

2. For Defendants' costs, expenses, disbursements and reasonable attorney's fees incurred herein; and

3. For such other and further relief as the Court deems just and equitable.

Dated May 14, 2018.

                LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

                By: */s/ Kassie McKie Shiffermiller*
                     Kassie McKie Shiffermiller
                     Attorneys for Defendant
                     909 St. Joseph Street, Suite 800
                     Rapid City, SD  57701-3301
                     605-342-2592
                     kshiffermiller@lynnjackson.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2018, I sent to:

Mr. Gregory J. Erlandson
Bangs, McCullen, Butler, Foye & Simmons
333 West Boulevard, Suite 400
PO Box 2670
Rapid City, SD 57709
gerlandson@bangsmccullen.com

by Notice of Electronic Filing generated by the CM/ECF system, a true and correct copy of **ANSWER** relative to the above-entitled matter

                     */s/ Kassie McKie Shiffermiller*
                     Kassie McKie Shiffermiller