# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| ECOLAB INC., | ) | |
| | ) | 5:18-cv-05026-JLV |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STIPULATED PERMANENT** |
| | ) | **INJUNCTION** |
| ALEJANDRO A. MORENO, and | ) | |
| GREENAPSIS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**AND NOW**, this _____ day of _____, 2018, by consent of Plaintiff Ecolab Inc. ("Plaintiff" or "Ecolab") and Defendants Alejandro A. Moreno and Greenapsis, LLC (collectively, "Defendants"),

WHEREAS, on April 20, 2018, Ecolab brought this action against Defendants asserting breach of contract, breach of fiduciary duty, misappropriation of trade secrets, tortious interference with contract, unfair competition, and requesting injunctive relief; and

WHEREAS, as a means of resolving this matter in a mutually satisfactory manner, having consulted with counsel of their own choosing, Ecolab and Defendants agree that the Court shall enter herewith a permanent injunction as follows:

**IT IS HEREBY ORDERED THAT:**

1.      Through and including _____, 2019, Defendants are hereby enjoined, directly or indirectly, and whether alone or in concert with others, from:

(a)      serving, selling, or soliciting the sale of any competing products or competing services (defined as any product or service which is the same as, or similar to, and competes with, a product or service of Ecolab which was part of the

**Exhibit A**

product or service line handled by Defendant Moreno, or persons supervised by Defendant Moreno, or about which the Defendant Moreno received confidential information during the last two years of their employment with Ecolab) to any Ecolab customer with whom Defendant Moreno did business or attempted to do business, or whose accounts they supervised or were assigned to or with regard to which Defendant Moreno received commissions or other compensation.

(b) using in any way, directly or indirectly, or for any purpose (including any personal, business or other purpose), any of Ecolab's Confidential Information (as defined in Defendant Moreno's Employee Agreement) within Defendants' possession, custody or control; and

(c) disclosing, disseminating, distributing, leaking, publishing, selling or transferring to or sharing with any person whatsoever, directly or indirectly, any of Ecolab's Confidential Information within Defendants' possession, custody or control.

2.     The Defendants, and anyone acting in concert or participation with them, and any officer, agent, employee and/or representative of Defendants or Defendant Moreno's new employer, if any, are to provide to Ecolab's counsel any and all records or information pertaining to Ecolab's clients, customers, or its business, and/or which were obtained by Defendant Moreno as a result of his employment with Ecolab, whether in original, copied, handwritten or any other form, and purge any such records and information from their possession, custody, or control, within 24 hours of notice to Defendants or Defendants' counsel of the granting of this Injunction by the Court;

**Exhibit A**

After providing the foregoing records and information to Ecolab, Defendants shall permanently purge, destroy, and delete any such records or information from their (or anyone acting in concert with them) possession, custody, or control, within seven (7) days. Records and information in electronic form shall be permanently deleted in such a manner so as to ensure they cannot be retrieved after deletion. Upon completion of the requirements of this paragraph, each of the Defendants shall confirm to Ecolab in writing under oath they have fully complied.

3.      This Court shall retain jurisdiction to enforce the terms of this Stipulated Permanent Injunction.

DATED, this _____ day of _____, 20_____

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE
JEFFREY L. VIKEN

**Exhibit A**